IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**COBY TOWNSEND HURST**                                                                 **PLAINTIFF**

V.                           CASE NO. 5:20-CV-5158

**CORPORAL LEVI FRANKS, BENTON COUNTY
DETENTION CENTER; NURSE NADIA MALAPHA,
TURN KEY HEALTH CLINICS LLC; SERGEANT
GREG HOBELMANN, BENTON COUNTY DETENTION
CENTER; OFFICER RICHARD PAHMIYER, ROGERS
POLICE DEPARTMENT; AND DEPUTY JAMES SIKES,
BENTON COUNTY DETENTION CENTER**                                    **DEFENDANTS**

### OPINION AND ORDER

Before the Court is the Report and Recommendation ("R&R") (Doc. 99) of the Honorable Christy Comstock, United States Magistrate Judge for the Western District of Arkansas, filed in this case on March 24, 2022. The R&R recommends rulings on summary judgment motions filed by Officer Richard Pahmiyer (Doc. 69); Corporal Levi Franks, Sergeant Greg Hobelmann, and Deputy James Sikes (Doc. 73); and Nurse Nadia Malapha (Doc. 79). According to the R&R, the claims against Officer Pahmiyer, Corporal Franks, Sergeant Hobelmann, and Nurse Malapha should be dismissed with prejudice, but the claim against Deputy Sikes for excessive force should remain for trial.

Plaintiff Coby Townsend Hurst filed Objections (Doc. 101) to the R&R. Pursuant to 28 U.S.C. § 636(b)(1), the Court has reviewed the record *de novo* as to all proposed findings and recommendations to which Mr. Hurst has raised objections.

### I. LEGAL STANDARD

Under Rule 56(a) of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material

1

fact and the movant is entitled to judgment as a matter of law." On such a motion, the Court reviews the facts in the light most favorable to the opposing party and gives that party the benefit of any inferences that can be drawn from those facts. *Canada v. Union Elec. Co.*, 135 F.3d 1211, 1212–13 (8th Cir. 1997). The moving party bears the burden of proving that no genuine dispute of material fact exists and that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); *Nat'l Bank of Commerce of El Dorado v. Dow Chem. Co.*, 165 F.3d 602 (8th Cir. 1999).

If the moving party meets its burden, the non-moving party must then "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(c)). However, "the mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient" to survive summary judgment. *Anderson v. Durham D&M, L.L.C.*, 606 F.3d 513, 518 (8th Cir. 2010) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). The non-moving party must instead produce sufficient evidence "such that a reasonable jury could return a verdict" in their favor. *Allison v. Flexway Trucking, Inc.*, 28 F.3d 64, 66 (8th Cir. 1994) (quoting *Liberty Lobby*, 477 U.S. at 248).

## II. OBJECTIONS

Mr. Hurst filed 29 numbered paragraphs of objections to the R&R. *See* Doc. 101. However, each numbered paragraph does not constitute a separate, substantive

objection. Instead, the objections are more appropriately grouped into categories and analyzed accordingly.

### A. Objections 1, 16, & 18

This group of objections pertains to the Magistrate Judge's characterization of some of the facts. The Court **OVERRULES** Objection 1 and finds that the R&R appropriately treats this fact as disputed. The Court **OVERRULES** Objection 16 and finds this fact is immaterial on summary judgment, so to the extent Mr. Hurst disagrees with the R&R's characterization of the fact, his disagreement is also immaterial. The Court also **OVERRULES** Objection 18 and finds that even if the R&R states an incorrect date, this date is immaterial on summary judgment.

### B. Objections 2, 3, 10, 23, & 27

Objections 2, 3, 10, 23, and 27 dispute the R&R's summary of the hospital records documenting Mr. Hurst's head injury. In general, Mr. Hurst maintains that the R&R's characterization of those facts is inaccurate. The Court has now carefully reviewed the hospital records at issue and finds the R&R's description is accurate. In most cases, the Magistrate Judge quoted directly from the hospital records. Accordingly, Mr. Hurst's Objections 2, 3, 10, 23, and 27 are **OVERRULED**.

### C. Objections 5, 6, 11, 12, 15, 28, & 29

In the next group of objections, Mr. Hurst maintains that because he told all Defendants he suffered a head injury, they were on notice that he required emergency medical treatment, and their failure to take him to the hospital immediately—upon

encountering him on the street—showed deliberate indifference to his serious medical needs.

There is extensive video evidence in this case showing Mr. Hurst's initial contact with law enforcement, his arrest, his transport by law enforcement to his house before traveling to the jail, and his placement in the restraint chair for the booking process. Audio is included with most of these recordings. The Court agrees with the Magistrate Judge that Mr. Hurst exhibited no visible injuries during the arrest and intake process, could and did answer basic questions posed to him by law enforcement, and reasonably followed instructions. He did complain that he suffered a head injury, but there was no evidence of such an injury that a layman might recognize. He testified at his deposition that there was no blood flowing from his ears; there was no blood visible on his head, neck, or face; and that the injury to his head could not be seen until he shaved his head several days later as it was hidden by his hair.

In addition, the video evidence confirms Mr. Hurst complained to the arresting officers not only about a head injury but about a number of nonsensical concerns. For example, he told Defendants that a stockbroker had stolen 29,000,000 shares from him, his father was murdered, and Tyson Foods was poisoning his tap water with salt. To the extent Mr. Hurst's erratic statements and behavior could tend to indicate to a layman that he was, in fact, suffering from a head injury and not what law enforcement suspected—the influence of intoxicants—Defendants are entitled to qualified immunity for their mistake. "Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments" and "protects all but the plainly incompetent or those who knowingly violate the law." *Stanton v. Sims*, 571 U.S. 3, 6 (2013) (per curiam)

(quoting *Ashcroft v. al–Kidd*, 563 U.S. 731, 743 (2011)). There is no genuine, material dispute with respect to whether the law enforcement officers interacting with Mr. Hurst at various stages of the arrest and incarceration process knew he was suffering from a serious medical condition but were deliberately indifferent to his needs.

Next, it is undisputed that Mr. Hurst was released from the jail the day after his arrest. A short time later, he called an ambulance and was transported to Mercy Hospital where he was diagnosed with a closed head injury but no concussion. He was released from the hospital with only over-the-counter pain medication. Despite this diagnosis, there is no evidence to suggest Nurse Malapha, who examined Mr. Hurst at the jail and approved his prescriptions, intentionally denied or delayed Mr. Hurst's medical treatment. During treatment at the hospital, "the only clinical observation was swelling on the left parietal occipital," with no lacerations visible on his head and no evidence of blood on his scalp. (Doc. 99, p. 49). The Court agrees with the Magistrate Judge there is no genuine, material dispute of fact as to whether the one-day delay in treating Mr. Hurst's head injury "adversely affected [his] prognosis." *Holden v. Hirner*, 663 F.3d 336, 342 (8th Cir. 2011). Accordingly, Nurse Malapha is also entitled to summary judgment on the denial of medical care claim, and Objections 5, 6, 11, 12, 15, 28, and 29 are **OVERRULED**.

### D. Objections 4, 7, 8, 9, & 13

The next set of objections concerns Mr. Hurst's complaint that the arresting officers made unfair assumptions about him based on past encounters, and, as a result, unfairly disbelieved him when he complained of a head injury. As the Court previously explained, Mr. Hurst did not present to the officers with an injury so obvious that even a layperson would easily recognize he needed immediate medical attention. Further, the undisputed

evidence shows that police encountered Mr. Hurst lying down on the private property of another individual. The property owner had called the police to report that Mr. Hurst was on his property "acting crazy and yelling" and "talking about salt in the water . . . ." (Doc. 99, pp. 4–5). Although Officer Pahmiyer admitted he had previous encounters with Mr. Hurst, there is no evidence that Officer Pahmiyer detained and arrested Mr. Hurst based on "stereotypes" or false assumptions about him. On the contrary, Mr. Hurst's speech and manner at the time of arrest were consistent with public intoxication. He was ultimately charged with public intoxication, and he pleaded guilty to that charge. *See id.* at p. 8. Accordingly, Objections 4, 7, 8, 9, and 13 are **OVERRULED**.

### E. Objection 14

Next, Mr. Hurst contends that there is a genuine dispute of material fact that Officer Pahmiyer committed excessive force when Mr. Hurst was handcuffed and escorted to the patrol vehicle. Mr. Hurst maintains that since he had a head injury, "any movement [of him] was excessive force and denial of medical care." (Doc. 101, p. 7). The Court agrees with the R&R's conclusion that "nothing on the videos illustrates or suggests use of any excessive force against Hurst while he is being handcuffed or escorted to the patrol vehicle." (Doc. 99, p. 25). When uncontested video evidence is submitted in support of a motion for summary judgment, the facts should be viewed in the light depicted by the video evidence. *Scott v. Harris*, 550 U.S. 372, 380–81 (2007). This is so despite the fact that summary judgment evidence is normally to be viewed in the light most favorable to the nonmoving party. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court

should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.* at 380. Objection 14 is **OVERRULED**.

### F. Objections 17, 19, 20, 21, 22, 24, 25 & 26

Mr. Hurst's last group of objections concerns the facts surrounding his placement in a restraint chair at the jail. Mr. Hurst argues there was no reason to place him in the chair in the first place and that officers further injured him when they placed him in the chair.

The R&R acknowledges there is a genuine, material dispute of fact regarding the events that caused Mr. Hurst to be placed in the restraint chair. Mr. Hurst denies that anyone asked him to stand up and walk to the booking area, but if he had been asked, he would have willingly walked on his own power. Corporal Franks and Deputy Sikes, on the other hand, claim they asked Mr. Hurst twice to stand up and walk to the booking area, but he refused and said he could not stand up, went limp, dropped to his knees, and offered passive resistance. *See* Doc. 99, pp. 26–27.

Mr. Hurst alleges that Deputy Sikes used excessive force against him when strapping him into the restraint chair. The R&R recommends that summary judgment be denied on this claim of excessive force, and the Court agrees. As for Corporal Franks and Sergeant Hobelmann, the Court also agrees with the R&R's finding that there is no evidence to indicate these officers violated Mr. Hurst's constitutional rights by failing to intervene to protect him from any unconstitutional use of force by Deputy Sikes. *See id.* at pp. 39–40. Accordingly, Objections 17, 19, 20, 21, 22, 24, 25, and 26 are **OVERRULED**.

## III. CONCLUSION

Having overruled all pending objections, the R&R (Doc. 99) is **ADOPTED IN ITS ENTIRETY**.

**IT IS THEREFORE ORDERED** as follows:

(1) The Motion for Summary Judgment (Doc. 69) filed by Officer Pahmiyer is **GRANTED**, and all claims against him are **DISMISSED WITH PREJUDICE**.

(2) The Motion for Summary Judgment (Doc. 73) filed by Corporal Franks, Sergeant Hobelmann, and Deputy Sikes is **GRANTED IN PART AND DENIED IN PART**. The Motion is **GRANTED** with respect to all claims against Corporal Franks and Sergeant Hobelmann, and those claims are **DISMISSED WITH PREJUDICE**. The Motion is **DENIED** with respect to the individual-capacity excessive-force claim against Deputy Sikes, and that claim will remain for trial.

(3) The Motion for Summary Judgment (Doc. 79) filed by Nurse Malapha is **GRANTED** as to all claims against her, and the claims against her are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED** on this 27th day of April, 2022.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE